IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40389
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS RAMIREZ-GALVAN,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-91-CR-235-1
- - - - - - - - - -
November 27, 1998

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jesus Ramirez-Galvan, federal prisoner # 58458-079, appeals the district court's dismissal of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He asserts that an actual conflict of interest developed when his attorney, Noe Robles, represented both Ramirez and his codefendant, Arturo Vega, during plea negotiations. Specifically, he contends that Robles negotiated an agreement whereby both Ramirez and Vega agreed to provide the Government with information about each other. Ramirez further challenges

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the adequacy of the hearing which the magistrate judge held to advise him of the possibility of a conflict and to obtain his consent to proceed with the joint representation under the onus of a potential conflict. Ramirez further challenges the waiver he signed which purported to forego any potential conflicts that might arise during the course of the joint representation.

Ramirez has failed to demonstrate that an actual conflict of interest developed during the course of plea negotiations. See United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Moreover, he has failed to demonstrate any plausible tactic that the alleged conflict prevented Robles from pursuing. See Hernandez v. Johnson, 108 F.3d 554, 559 (5th Cir. 1998).

Ramirez has, furthermore, failed to establish that the magistrate judge plainly erred in conducting the hearing to inform Ramirez of the potential for a conflict and the consequences of continuing the joint representation. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). He has similarly failed to make such a showing with regard to his challenges to the written waiver. Id.

AFFIRMED.